Dear Mr. Hughes:
I am in receipt of your request on behalf of the East Feliciana Parish School Board for an Attorney General's opinion concerning LSA-R.S. 17:421.3 and whether this statute requires a teacher to be paid not less than the amount of salary paid to a teacher in fiscal year 2000-2001 rather than fiscal year 1999-2000 even though the additional work that was required in 1999-2000 will not be required in fiscal year 2000-2001. You state the following facts in your request:
 In fiscal year 1999-2000 a tenured certified teacher (not an administor (sic) or principal) executed a nine (9) month contract with the School Board but was paid for nine and one-half (9-1/2) months. The extra two weeks pay was for additional one-time work performed by the teacher at the request of the Board. The teacher's rate of pay for this extra work was consistent with the teacher's salary established under the nine month (9) contract. The extra work required of the teacher in fiscal year 1999-2000 will not be required in fiscal year 2000-2001 and the teacher will sign a nine (9) month contract.
LSA-R.S. 17:421.3 states the following in pertinent part concerning minimum salary schedules for teachers:
 D. Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other purpose.
 E. (1) On and after August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
Additionally, LSA-R.S. 17:422.5 states the following concerning reduction in salary for teachers:
 A. Notwithstanding any other provision of law, no city or parish school board shall reduce the salary of any public elementary or secondary school teacher or any group thereof without first holding a public hearing for the purpose of allowing such teacher to appear and be heard at least thirty days before the reduction in salary shall occur. Notice of the meeting shall be published at least thirty days prior to the meeting in the official journal of the parish where the city or parish school board is located.
 B. Any teacher or teachers' group may waive the public hearing required in Subsection A by written waiver submitted to the school board within two weeks of published notice.
In Attorney General Opinion No. 95-295 our office addressed the issue of whether LSA-R.S. 17:422.5 would mandate the School Board to continue paying a stipend to teachers for attending seminars and workshops after school and on the weekends if they do not attend workshops in the future. Our office looked at the definition of a stipend as defined in Black's Law Dictionary, Fifth Edition, which indicates that a stipend is defined as:
 [A] salary; settled pay, fixed or regular payment. Offering made to a clergyman.
Our office concluded the following:
 Since a stipend is considered as part of a teacher's salary and since LSA-R.S. 17:422.5 prohibits the reduction of a teacher's salary without holding a public hearing, a hearing must be held unless waived by the teacher-in-question or teachers' group prior to discontinuing the stipend. Since the statute appears to be clear that a reduction in a teacher's salary can not be made unless the circumstances as discussed above occur, it is not necessary to examine whether the Louisiana Education Quality Support funds, commonly referred to as 8 (g) funds, can be used for purposes of supporting a stipend.
However, as indicated in 95-295-A, an additional conversation with Dr. Malcolm Duplantis indicated that the teachers in LaFourche Parish are not required to participate in the seminars and workshops after school and on the weekends. Considering this, our office concluded:
 . . . the pay teachers would receive is not a fixed or a regular payment and would not meet the definition of a stipend as defined in Black's Law Dictionary and as discussed in Attorney General Opinion 95-295.
 In conclusion, since the proposal to pay teachers $17.25 an hour for voluntarily attending seminars and workshops does not constitute a stipend, LSA-R.S. 17:422.5 would not mandate the School Board to continue paying this hourly rate to teachers even if they do not attend the workshops in the future.
In the present case, it appears that the pay that the teacher in question received in 1999-2000 is not a fixed or a regular payment and would not meet the definition of a stipend. Therefore, the provisions in LSA-R.S. 17:421.3 and 17:422.5 would not apply and the School Board would not be required to pay the teacher in question the salary paid in fiscal year 1999-2000.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
a:\00-211.op